UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

CASE NO.:

JAMES WATSON,

      Plaintiff,

v.

TCEHM I, LLC d/b/a Huey Magoo's
and HMFOUNDERS, LLC

      Defendants.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff James Watson hereby sues Defendant TCEHM I, LLC and Defendant HMFOUNDERS, LLC for Injunctive Relief, attorney's fees, litigation expenses and costs pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 C.F.R. Part 36, *et seq.*

1.     Venue lies in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.1, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

2.     Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq. See* also 28 U.S.C. § 2201 and § 2202.

3.     Plaintiff James Watson ("Plaintiff") is a Florida resident, lives in Miami-Dade County, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is legally blind and a member of a protected class under the ADA, 42 U.S.C. §§ 12102(1)-(2), the

regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Plaintiff is substantially limited in the major life activity of seeing. Plaintiff's disability is defined in 28 C.F.R. §36.105(b)(2).

4.      Plaintiff  uses the internet and a mobile device to help him navigate a world of goods, products and services like the sighted. The internet, websites and mobile applications provide him a window into the world that he would not otherwise have. He brings this action against Defendants for offering and maintaining a mobile website (software that is intended to run on mobile devises such as phones or tablet computers) that is not fully accessible and independently usable by visually impaired consumers. Plaintiff utilizes the Apple Screen Reader VoiceOver software to read computer materials and/or access and comprehend internet mobile website information which is specifically designed for the visually impaired.

5.      Plaintiff is also an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation and/or their mobile websites are in compliance with the ADA.

6.      Defendant TCEHM I, LLC (also referenced as "Defendant TECHM Sunrise" or collectively with Defendant HMFOUNDERS, LLC as "Defendants") is a Florida limited liability company which is the franchise owner and operator of a Huey Magoo's (franchised/brand) restaurant which is located within this district and is open to the public. Defendant TECHM Sunrise is defined as a "Public Accommodation" within meaning of Title III because Defendant TECHM Sunrise is a private entity which owns and/or operates "[A] restaurant, bar, or other establishment serving food or drink," 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2).

7.      Defendant TECHM Sunrise's Huey Magoo's restaurant (which is the subject of this

action) is located at 9440 West Commercial Boulevard, Sunrise, Florida 33351 and because it is open to the public, it is a Place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7)(B), §12182, and 28 C.F.R. §36.104(2). This Huey Magoo's franchised restaurant is referenced herein as "place of public accommodation," "Huey Magoo's Sunrise (restaurant)," or "restaurant."

8.      Defendant   HMFOUNDERS,   LLC   (also   referenced   as   "Defendant HMFOUNDERS" or collectively with Defendant TECHM Sunrise as "Defendants") is a Florida limited liability company that is the franchisor of the Huey Magoo's fast food restaurant chain. Huey Magoo's fast food restaurants feature chicken tenders, French fries, salads and beverages.

9.      Subsequent to the effective date of the ADA, Defendant HMFOUNDERS constructed, or caused to be constructed, the https://hueymagoos.com mobile website (hereinafter "mobile website") for the benefit and use of Huey Magoo's franchise restaurants including Defendant TECHM Sunrise's Huey Magoo's Sunrise restaurant with the intent that the general public access the https://hueymagoos.com mobile website on their mobile devices (phones, tablets). This mobile website supports, is an extension of, is in conjunction with, is complementary and supplemental to Huey Magoo's franchise restaurants including the Huey Magoo's Sunrise restaurant. The mobile website delineates the goods, services, accommodations, privileges, benefits and facilities available to patrons at Huey Magoo's restaurants and with particularity, the Huey Magoo's Sunrise restaurant.

10.     The mobile website is offered by Defendants as a way for the public to become familiar with the Huey Magoo's menu selections, as well as information on location and hours of operation of all of the Huey Magoo's franchised restaurants including Huey Magoo's Sunrise restaurant. The mobile website also provides a link for the general public to order food online and

pick up that prepared food curbside (at the restaurant location, and specifically the Huey Magoo's Sunrise restaurant) or simply to skip the line and have the prepared food available at the counter to dine within the fast food restaurant. The mobile website also links to the Huey Magoo's Twitter, Facebook and Instagram pages and provides other information the Defendants seek to communicate to the public. A feature within the mobile website allows the public to order catering from Huey Magoo's restaurants (and specifically from Huey Magoo's Sunrise) and also permits the public to sign up for email notifications of specials. By the provision of menu selection, online ordering for pick up or fast availability within the restaurant and the ability to arrange for catering of Huey Magoo's prepared food, the mobile website is an integral part of the goods and services offered by Defendants. By this nexus, the mobile website is characterized as a Place of Public Accommodation to Title III of the ADA[1], 42 U.S.C. §§ 12181(7)(B) and 28 C.F.R. §36.104(2).

11.     As the owner, operator and/or beneficiary of the mobile website, which is a Place of Public Accommodation, Defendant HMFOUNDERS is defined as a "Public Accommodation" within meaning of Title III under 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2).

12.     The https://hueymagoos.com mobile website allows mobile device users to use a mobile platform through a connection to Wi-Fi or cellular data so that users can manage their dining choice from their mobile device.  As such, Defendants have subjected themselves to the ADA because the mobile website is offered as a tool to promote, advertise and sell Defendants' products and services from the Huey Magoo's Sunrise restaurant location, which is a place of

---

[1] Ensuring Web Accessibility for people with disabilities has become a priority for the Department of Justice.  The Department of Justice Civil Rights Division has taken the position that both State and local government websites (Title II) and the websites of private entities that are public accommodations (Title III) are covered by the ADA. On March 18, 2022, the DOJ issued guidance on Web Accessibility, see https://beta.ada.gov/resources/web-guidance. The guidance states that individuals with disabilities should not be denied equal access to information, and inaccessible websites are as excluding as are access barriers to physical locations. DOJ guidance requires that website barriers must be identified, prevented, and removed so that all Title II and Title III entities offer websites that are accessible to people with disabilities.

public accommodation. As a result, the mobile website must interact with the public, and in doing so must comply with the ADA, which means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the goods and services afforded to the general public.[2]

13.     The mobile website does not properly interact with the VoiceOver screen reader software technology in a manner that allows blind and visually impaired individuals to comprehend the mobile website and does not provide other means to accommodate blind and visually impaired individuals.

14.     Like the seeing community, Plaintiff would like the opportunity to be able to use the https://hueymagoos.com mobile website to comprehend Huey Magoo's menu selections, order food online for pick up or to skip the line when dining within the restaurant and inquire and book catering from Huey Magoo's Sunrise. However, unless Defendants are required to eliminate the access barriers at issue and required to change their policies so that access barriers do not reoccur, Plaintiff will continue to be denied full and equal access to the mobile website as described and will be deterred from fully using the mobile website in patronizing the Huey Magoo's Sunrise fast food restaurant which is located within this district.

15.     Plaintiff is continuously aware of the violations on the mobile website and is aware that it would be a futile gesture to attempt to utilize that mobile website as long as those violations exist unless he is willing to suffer additional discrimination.

16.     Defendants and alike restaurants are fully aware of the need to provide full access to all visitors to the https://hueymagoos.com mobile website as barriers result in discriminatory

---

[2] According to Statista, almost half of web traffic in the United States originated form mobile devices in 2021. Therefore, Defendant knew or should have known that potential customers would be using the mobile version of its website and provided accessibility for blind users.

and unequal treatment of individuals with disabilities who are visually impaired and result in punishment and isolation of blind and low vision individuals from the rest of society.

17.     Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this action is his only means to secure adequate redress from Defendants' discriminatory practice.

18.     Notice to Defendants is not required as a result of Defendants' failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

19.     Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205 and 28 CFR 36.505.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

20.     The ADA requires that Public Accommodations (and Places of Public Accommodation) ensure that communication is effective, which includes the provision of auxiliary aids and services for such purpose.

21.     According to 28 C.F.R. Section 36.303(b)(1), auxiliary aids and services includes "voice, text, and video-based telecommunications products and systems." 28 C.F.R. Section 36.303(b)(2) specifically states that (VoiceOver) screen reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

22.     28 C.F.R. Section 36.303(c)(1)(ii) specifically states that public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. "In order to be effective, auxiliary aids and

services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability."

23.     Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis of disability by public accommodations and requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

24.     The https://hueymagoos.com mobile website has been designed to integrate with the Huey Magoo's Sunrise restaurant location by offering its menu online and through the provision of a platform to order food online as well as to inquire and book catering services online; therefore, the mobile website is an extension of Huey Magoo's restaurants (specifically, the Huey Magoo's Sunrise restaurant). By and through the mobile website, Defendants have extended Huey Magoo's fast food restaurants (and specifically the Huey Magoo's Sunrise restaurant) into individual persons' homes and portable devices wherever located. The mobile website is a service, facility, privilege, advantage, benefit and accommodation of Defendants' Places of Public Accommodation. As such, the mobile website is integrated with, and is a nexus to the Huey Magoo's Sunrise restaurant location.  Therefore, it is governed by the following provisions:

a.     U.S.C. Section 12182(a) provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

b.     42 U.S.C. Section 12182(b)(1)(A)(i) provides: "It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial

of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity[.]"

   c. 42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals[.]"

   d. 42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others[.]"

   e. 42 U.S.C. Section 12182(b)(1)(B) provides: "Goods, services, facilities, privileges, advantages, and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual."

   f. 42 U.S.C. Section 12182(b)(1)(C) provides: "Notwithstanding the existence of separate or different programs or activities provided in accordance with this section, an individual with a disability shall not be denied the opportunity to participate in such programs or activities that are not separate or different."

   g. 42 U.S.C. Section 12182(b)(2)(ii) describes as discrimination: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are

necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]"

        h.    42 U.S.C. Section 12182(b)(2)(iii) describes as discrimination: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden[.]"

        25.    Plaintiff attempted to access and/or utilize the https://hueymagoos.com mobile website, but was unable to, and he continues to be unable to enjoy full and equal access to the mobile website and/or understand the content therein because numerous portions of the mobile website do not interface with VoiceOver screen reader software. Specifically, features of the mobile website that are inaccessible to VoiceOver screen reader software users include, but are not limited to, the following (citing the WCAG 2.1 Level A and AA Guidelines):

i.    Guideline 1.1.1 Non-Text Content is violated. While product images such as the *Signature Dip* image receive focus and are announced, they do not have meaningful labels. For example, the image for the *Signature Dip* is announced to mobile VoiceOver screen reader software users as "oloextradip,link,image."

ii.    Guideline 1.3.1 Info and Relationships is violated. The "preferences" combo boxes shown when ordering online are not labeled. For example, the "Slaw Size" combo box in the Preferences section is announced to mobile VoiceOver screen reader software users as "i38 underscore select underscore p0 -- select popup button…"

iii.    Guideline 2.4.3 Focus order is violated. The site is required to provide focus in a logical order, and this has been violated. For example, after a mobile VoiceOver screen reader software user presses the *Order Online* button on the Champions Gate location, the mobile VoiceOver screen reader software user is taken to a new page with a list of products where

an overlay is present.  This overlay requires that mobile VoiceOver screen reader software users select an Order Type, but the popup is not announced and focus does not move to the overlay to select the Order Type when it is displayed.

iv.    Guideline 2.4.4 Link purpose (in context) is violated. The social media icons are not labeled; each is announced to mobile VoiceOver screen reader software users as "Huey Magoos link."

v.    Guideline 3.3.2 Labels or Instructions is violated. Elements must be labeled and given instructions, and the mobile website fails to do so.  For example, the *main menu* icon is not labeled. Mobile VoiceOver screen reader software users only hear "? Link banner landmark."

vi.    Guideline 4.1.2 Name, Role, Value is violated. All elements must be built for accessibility and this is not the case. On the *Locations* page, an image of each state is shown, followed by the name in text and then a link titled "see all locations." One issue is that the state image for Florida is not labeled and is announced cryptically as "Locations visited in-page link." A mobile VoiceOver screen reader software user must follow this unlabeled link in order to hear the Florida Huey Magoo's restaurant locations (including the Huey Magoo's Sunrise location). Additionally, the text shown beneath the image is not clickable so even though mobile VoiceOver screen reader software users hear "Florida" announced, the mobile website does not respond (doesn't do anything) and when a mobile VoiceOver screen reader software user presses the *see all locations* link, focus just moves to the top of the page and mobile VoiceOver screen reader software users must swipe down the page to the unlabeled Florida image.

26.    As the owner and/or operator and/or benefactor of the Huey Magoo's restaurant mobile website, Defendants are required to comply with the ADA and the provisions cited above. This includes an obligation to create and maintain a mobile website that is accessible to and usable by visually impaired persons so that they can enjoy full and equal access to the mobile website and the content therein, including the ability to order food online for delivery, and the ability to inquire and book catering of Huey Magoo's food online.

27.    With respect to the https://hueymagoos.com mobile website, Defendants have violated the ADA by failing to interface the mobile website with VoiceOver screen reader software utilized by visually impaired individuals (as specifically delineated within paragraph 25) either directly or through contractual, licensing or other arrangements. These violations have resulted in

Defendants' joint and several denial of accommodation to Plaintiff in the basis of his disability:

      a.     by depriving Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its place of public accommodation (42 U.S.C. § 12182(a));

      b.     in the denial of providing Plaintiff the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations (42 U.S.C. § 12182(b)(1)(A)(i));

      c.     in failing to afford Plaintiff the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that afforded to other individuals (42 U.S.C. § 12182(b)(1)(A)(ii));

      d.     by providing Plaintiff a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals (unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others) (42 U.S.C. § 12182(b)(1)(A)(iii));

      e.     by failing to afford Plaintiff goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate to the needs of the disabled individual (42 U.S.C. § 12182(b)(1)(B));

      f.     notwithstanding the existence of separate or different programs or activities provided in accordance with this section, by denying Plaintiff the opportunity to participate in such programs or activities that are not separate or different. (42 U.S.C. § 12182(b)(1)(C));

      g.     by a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities,

privileges, advantages, or accommodations to individuals with disabilities (unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations) (42 U.S.C. § 12182(b)(2)(ii)); and,

       h.    by a failure to take such steps as necessary to ensure that disabled individuals are not excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services (unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden) (42 U.S.C. § 12182(b)(2)(iii)).

      28.    Plaintiff is continuously aware of the violations within the https://hueymagoos.com mobile website and is aware that it would be a futile gesture to attempt to utilize that mobile website as long as those violations exist unless he is willing to suffer additional discrimination.

      29.    Plaintiff is well aware that the ADA requires effective communications. However, long after the required date of compliance, many public accommodations refuse to comply leaving Plaintiff feeling excluded and rejected because he is disabled. As a result, Plaintiff has suffered (and continues to suffer) frustration and humiliation as the result of the discriminatory conditions present within the https://hueymagoos.com mobile website. By continuing to operate the mobile website with discriminatory conditions, Defendants continue to contribute to Plaintiff's sense of isolation and segregation and to deprive Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations Defendants make available to the general public. By encountering the discriminatory conditions within the mobile website and knowing that it would be a futile gesture to attempt to utilize the mobile website unless he is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting and

utilizing the same accommodations readily available to the general public and is deterred and discouraged from doing so. By maintaining a mobile website with violations, Defendants have deprived (and continue to deprive) Plaintiff the equality of opportunity offered to the general public.

30.     Plaintiff has suffered (and will continue to suffer) direct and indirect injury as a result of Defendants' discrimination until Defendants are compelled to comply with the requirements of the ADA and conform their mobile website to WCAG 2.1 Level A and AA Guidelines.

31.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the https://hueymagoos.com mobile website's non-compliance with the ADA. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by Defendants when he visits the website to test for compliance with the ADA. Plaintiff desires to access the mobile website to avail himself of the benefits, advantages, goods and services therein, and/or to assure himself that the mobile website is in compliance with the ADA so that he will have full and equal enjoyment of the mobile website without fear of discrimination.

32.     Plaintiff is without adequate remedy at law and has suffered (and will continue to suffer) irreparable harm. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

33.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require Defendants to alter the https://hueymagoos.com mobile website to make it readily accessible to and usable by Plaintiff

13

and other persons with vision impairments.

**WHEREFORE,** Plaintiff James Watson hereby demands judgment against Defendant TCEHM I, LLC and Defendant HMFOUNDERS, LLC and requests the following injunctive and declaratory relief:

a.  The Court issue a  Declaratory Judgment that determines that the  mobile  website https://hueymagoos.com is  in  violation  of  Title  III  of  the  Americans  with Disabilities Act, 42 U.S.C. § 12181 et seq.;

b.  The Court issue a Declaratory Judgment that Defendants have violated the ADA by failing  to  monitor  and  maintain  the  https://hueymagoos.com  mobile  website  to ensure that it is readily accessible to and usable by persons with vision impairment;

c.  The Court issue an Order directing Defendants to alter the mobile website to make it  accessible  to,  and  useable  by,  individuals  with  disabilities  to  the  full  extent required by Title III of the ADA;

d.  The Court issue an Order directing Defendants provide the appropriate auxiliary aids  such  that  individuals  with  visual  impairments  will  be  able  to  effectively communicate  with  the  https://hueymagoos.com  mobile  website  for  purposes  of comprehending Huey Magoo's Sunrise menu selections, ordering/paying for food online, signing up for email newsletters, and linking to Huey Magoo's social media pages, and inquiring and booking catering of Huey Magoo's food, and during that time period prior to the mobile website's being designed to permit individuals with visual impairments to effectively communicate, requiring Defendants to provide an alternative  method  for  individuals  with  visual  impairments  to  effectively communicate so that disabled individuals are not impeded from obtaining the goods

and services made available to the public through the mobile website.

e.  The Court enter an Order directing Defendants to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures;

f.  The Court enter an Order directing Defendants to continually update and maintain the mobile website to ensure that it remains fully accessible to and usable by visually impaired individuals;

g.  The Court award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and,

h.  The Court provide such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: August 1, 2022

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
T:  305-351-2014
cc@cunninghampllc.com
*Counsel for Plaintiff*